IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VICKI Y. LEPUS-MCCARDELL,        *

    Plaintiff,                              *

v.                                        *     Civil Case No.: MJG-17-1894

COMMISSIONER,                   *
SOCIAL SECURITY ADMINISTRATION,[1] *

    Defendant.                     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## REPORT AND RECOMMENDATIONS

The above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 4]. I have considered the parties' cross-motions for summary judgment and the related filings. [ECF Nos. 12, 15, 16]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

Ms. Lepus-McCardell filed her claim for Disability Insurance Benefits on April 29, 2013, alleging a disability onset date of January 1, 2009. (Tr. 135). Her claim was denied initially and on reconsideration. (Tr. 61-69, 70-82). A hearing was held on December 16, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 27-60). Following the hearing, the ALJ determined that Ms. Lepus-McCardell was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-26). The Appeals Council denied Ms. Lepus-McCardell's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Lepus-McCardell suffered from the severe impairments of "diabetes with diabetic neuropathy and obesity." (Tr. 17). Despite these impairments, the ALJ determined that Ms. Lepus-McCardell retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except no climbing of ladders, ropes, or scaffolds; occasional climbing of stairs or ramps; frequent stooping, crouching, crawling, or kneeling." (Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Lepus-McCardell was capable of performing her past relevant work as a Healthcare Facility Administrator, and that, therefore, she was not disabled. (Tr. 21).

Ms. Lepus-McCardell raises two arguments on appeal, specifically that the ALJ erroneously: (1) determined that her mental impairment (depression) was not severe, Pl.'s Mem., 5-8; and (2) failed to consider her depression when assessing her RFC, *id.* at 8-11. Ms. Lepus-McCardell's first argument is dispositive.

**DISCUSSION**

Ms. Lepus-McCardell first argues that the ALJ erred at step two of the sequential evaluation by concluding that her mental impairment of depression was not "severe." *Id.* at 5-8.

A "severe" impairment is one "which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Thus, an impairment, or combination of impairments, is not "severe" if it does not "significantly limit[] [a claimant's] physical or mental ability to do basic work activities." *Id.* Importantly, diagnosis of a specific impairment alone is insufficient to demonstrate that it is severe; instead, "there must be a showing of related functional loss." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (citation omitted).

Here, Ms. Lepus-McCardell contends that "the only medical opinions of record demonstrate that [she] had . . . a severe mental impairment" and that, "[i]n finding no severe mental impairment, the ALJ substituted her own lay judgment for the findings of the only two mental health professionals to either examine [her] or review the evidence of record." Pl.'s Mem., 5-6. Specifically, Ms. Lepus-McCardell relies upon the opinions of Drs. Nicola Cascella and Theodore Weber. *Id.* In November 2013, Dr. Cascella psychiatrically evaluated Ms. Lepus-McCardell, diagnosed her with major depressive order, and gave her a Global Assessment of Functioning ("GAF") score of 55, which indicates moderate impairment in functioning due to mental health conditions. (Tr. 17-18). In December 2013, Dr. Weber, a State agency reviewing psychologist, reviewed the evidence of record, including Dr. Cascella's opinion, and opined that Ms. Lepus-McCardell suffered from severe affective disorders that caused mild restriction in activities of daily living, mild difficulties in social functioning, and moderate difficulties in concentration, persistence, and pace. *Id.* at 18.

I agree that there is not substantial evidence to support the ALJ's conclusion that Ms. Lepus-McCardell's depression was nonsevere. Employing the "special technique" set forth by 20 C.F.R. § 404.1520a, the ALJ found that Ms. Lepus-McCardell had no restriction in daily

3

living activities, only mild restriction in both social functioning and concentration, persistence, or pace, and no episodes of decompensation of extended duration. (Tr. 18). In reaching her conclusion, the ALJ discussed the opinions of Drs. Cascella and Weber, however, accorded them "little weight," because she believed that they were unsupported by the evidence of the record and based "primarily" on Ms. Lepus-McCardell's subjective complaints. *Id.* Specifically, the ALJ relied heavily upon the fact that Ms. Lepus-McCardell did not report (nor did the record otherwise demonstrate) any psychiatric or mental health treatment history. *See* (Tr. 17) ("The claimant did not report any psychiatric treatment history[.]"); (Tr. 18) ("I give little weight to Dr. Cascella's opinion because the evidence of record does not demonstrate the claimant has received any mental health treatment."); *id.* ("While the claimant testified that her concentration and memory has decreased, she has not treated with a mental health specialist for her alleged impairments."). Thus, in light of a non-existent history of mental health treatment, and the fact that the ALJ considered Dr. Cascella's assigned GAF score to be merely "a highly subjective and non-standardized measure of symptom severity that captures an individual's level of functioning . . . only at the time of evaluation," the ALJ found Dr. Cascella's opinion unpersuasive. Then, because, Dr. Weber did not evaluate or treat Ms. Lepus-McCardell, but merely based his opinion "almost exclusively on Dr. Cascella's evaluation," the ALJ also found his opinion unpersuasive. *Id.*

I find that the ALJ's analysis is flawed, because Ms. Lepus-McCardell's lack of mental health treatment by a specialist, alone, does not provide substantial evidence that her impairment was nonsevere. Importantly, Social Security Administration ("SSA") Ruling 16-3p, effective March 28, 2016, clarified 20 C.F.R. § 404.1529, which provides that the SSA "will carefully consider" the information it has about the claimant's symptoms, including information about

4

medications and treatments.[2] *Jones v. Colvin*, No. 15 C 11310, 2016 WL 4798956, at *5 (N.D. Ill. Sept. 14, 2016) (citing SSR 16-3p, 2016 WL 1119029 at *1 (effective March 28, 2016)). Prior to SSR 16-3p, an ALJ could "not draw any inferences about a claimant's condition from a failure to pursue or comply with treatment unless the ALJ ha[d] explored the claimant's explanations as to the lack of medical care." *Id.* (quoting *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009)) (internal quotation marks omitted). Similarly, post SSR 16-3p, the SSA "may not use the failure to pursue treatment as a reason for discounting an individual's claims regarding symptom intensity, persistence, and limiting effects '*without considering possible reasons he or she may not . . . seek treatment consistent with the degree of his or her complaints.*'" *Id.* (quoting SSR 16-3p, 2016 WL 1119029 at *8) (emphasis added). The ALJ may inquire into possible reasons for forgoing treatment, such as a claimant's inability to afford treatment and her lack of access to free or low-cost medical services. SSR 16-3p, 2016 WL 1119029 at *9 (providing a non-exhaustive list of reasons for why a claimant may not seek treatment). Here, the ALJ failed to sufficiently consider possible reasons why Ms. Lepus-McCardell did not pursue mental health treatment. Instead, the ALJ merely attempted to determine whether Ms. Lepus-McCardell sought such treatment. (Tr. 37) (Q: "[H]ave you gone to a mental health professional . . . ." A: "I think here [sic] sent me to one."); (Tr. 38) (Q: "Has [your primary care physician] ever recommend you go see a mental health professional?" A: "No."). In fact, the ALJ cut off the only answer in which Ms. Lepus-McCardell may have explained her treatment decision. (Tr.

---

[2] "Though SSR 16-3p post-dates the ALJ hearing in this case, the application of a new policy to matters on appeal is appropriate where, as here, the new ruling is a clarification of, rather than a change to, existing law. *Jones*, 2016 WL 4798956, at *4 (citing *Pope v. Shalala*, 998 F.2d 473, 482-483 (7th Cir. 1993) (overruled on other grounds by *Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999)); *see also Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 684 n.10 (D. Md. 2012) ("A rule simply clarifying an unsettled or confusing area of the law . . . does not change the law, but restates what the law according to the agency is and always has been." (quoting *Whiting v. Johns Hopkins Hosp.*, 680 F. Supp. 2d 750, 754 n.4 (D. Md. 2010)).

37-38) (Q: "Have you treated with [a mental health professional]?" A: "No. I'm happy in my little --"). As such, the ALJ's reliance on Ms. Lepus-McCardell's lack of mental health history did not provide her with substantial evidence to conclude that Ms. Lepus-McCardell's depression was nonsevere. The determination regarding severity is critical in this case in light of the highly skilled nature of Ms. Lepus-McCardell's past relevant work. Any significant mental limitations could impact her ability to serve in the capacity. Accordingly, I recommend remand for the ALJ to appropriately consider Ms. Lepus-McCardell's treatment history within the framework of SSR 16-3p.[3] In so recommending, I express no opinion regarding whether the ALJ's ultimate conclusion that Ms. Lepus-McCardell is not entitled to benefits is correct.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 12];

2. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 15];

3. the Court REVERSE IN PART due to inadequate analysis the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

---

[3] Because this case is being remanded on other grounds, on remand, the ALJ should amend the RFC assessment as necessary and should ensure that, per SSA regulations, her or she "consider[s] all of [the claimant's] medically determinable impairments . . . including . . . [those] that are not 'severe[.]'" *See* 20 C.F.R. § 404.1545.

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: April 17, 2018

/s/
Stephanie A. Gallagher
United States Magistrate Judge